UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 07-cr-00338-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

THOMAS BADER,

        Defendant.

_____

### ORDER DIRECTING SUPPLEMENTAL BRIEFING
_____

**THIS MATTER** comes before the Court pursuant to the Government's Motion for Reconsideration **(# 410)** and the Defendant's Motion to Dismiss Counts 1-17 and 20-43 With Prejudice **(# 417)**. In order to resolve such motions, the Court requires additional briefing as to the parties' positions and the supporting legal authority as to the following issues:

    1. Is the operation of FDAMA, 21 U.S.C. § 353a, essential to the consideration of the charges in this case? If so, to what charges? If not, why not?

    2. Assuming FDAMA is applicable here, is it necessary for the Court to address the severability question discussed in the 9th Circuit *Western States* and 5th Circuit *Medical Center* opinions? If it is necessary for the Court to reach that question, what are the parties' positions with regard to the question of severability?

    3. Assuming FDAMA is applicable here, what is the definition of the term "compounding" as used in that statute? (It is not necessary to repeat arguments or authorities previously raised in the parties' prior briefing, but it is necessary that the parties address all applicable canons of statutory construction.)

    4. If there is no definition for the term "compounding" as used in FDAMA, does this affect the constitutionality of FDAMA? Does this accted the Government's ability to bring the instant charges consistent with principles of Due Process?

    5. If there is a definition of the term "compounding" as used in FDAMA, which party bears the burden of proving that the drugs at issue in this case were/were not "compounded" according to that definition?

The Court directs that the parties confer with regard to these questions and, to the extent the parties can agree as to the answer to one or more questions (or agree as to certain components of one or more answers), no briefing is necessary on those issues. However, the parties' briefs shall specifically state the terms upon which the parties agree.

The briefing shall occur on the following schedule:

- the parties shall simultaneously file initial briefs addressing all of the questions above on or before **Monday, May 18, 2009**;

- the parties shall simultaneously file responsive briefs, addressing the arguments raised by the other side's initial brief, on or before **Monday, June 8, 2009**.

No reply brief or subsequent supplementation of prior briefing shall be permitted without leave of the Court.

Dated this 21st day of April, 2009

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge