UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 07-cr-00338-MSK

UNITED STATES OF AMERICA,

       Plaintiff,

v.

THOMAS BADER,

       Defendant.
_____

PRELIMINARY ORDER OF FORFEITURE
_____

**Pursuant to** the Court's July 1, 2010 Opinion and Order Granting Motion for Preliminary Order of Forfeiture, it is hereby ORDERED that:

1. Defendant's interest in the real property located at 3505 Austin Bluffs Parkway, Colorado Springs, Colorado, more fully described as:

> All of Lot 1 and a portion of Lot 2 in Block 2 SHOPPERS WORLD SUBDIVISION NO. 1 IN THE CITY OF COLORADO SPRINGS, El Paso County, Colorado, as recorded in Plat BookU-2 at Page 19 in the records of said County and more particularly described as follows: Beginning at the most Northeasterly corner of said Lot 1, Block 2 in Shoppers World Subdivision No. 1; thence (1) South 88 degrees 10 minutes West on the Northerly line of said Lot 1, and Lot 2, Block 2 of Shoppers World Subdivision No. 1,508.00 feet; (2) South 1 degree 50 minutes 00 seconds East, 276.75 feet; (3) North 89 degrees 54 minutes 00 seconds East on the Southerly line of said Lots 1 and 2, Block 2 in Shoppers World Subdivision No. 1, 508.23 feet; (4) North 1 degree 50 minutes 00 seconds West on the Easterly line of said Lot 1, Block 2 in Shoppers World Subdivision No. 1, 292.12 feet to the point of beginning, County of El Paso, State of Colorado

is forfeited to the United States in accordance with Title 21 U.S.C. § 333 (e)(3) and Title 21 U.S.C. § 853(a).

2. A personal money judgment of forfeiture shall be granted in favor of the United States

and against the Defendant in the amount of $ 4,800,000.

    3. Pursuant to the provisions of 21 U.S.C. §853(p), as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(e)(1)(B), the Defendant's interest in the substitute assets identified below is hereby forfeited to the United States for disposition according to law. Such forfeiture shall be in partial satisfaction of the forfeiture money judgment:

    a. 40 Sandra Lane, Colorado Springs, Colorado, more fully described as: Lot 25, in Crystal Hills Estates Filing No. 3, El Paso County, Colorado, according to the plat thereof recorded in Plat Book H-3 at Page 46.

    b. 302 West Cheyenne Road West, Colorado Springs, Colorado, more fully described as: the easterly half of the southerly 138 feet of lot 15, block 1, Fenmoor Subdivision, El Paso County, Colorado.

    c. 921 Monroe Street West, Colorado Springs, Colorado, more fully described as: Lot 4, except the East 50 feet and except the West 50 feet, and Lot 2, Block 27, Gahart's Subdivision of a portion of a Block 27 of Roswell City Addition to the City of Colorado Springs, County of El Paso, State of Colorado.

    d. 2690 White Rock Lane, Colorado Springs, Colorado, more fully described as: Lot 13 in Cedar Heights Filing No. 4, in the City of Colorado Springs, County of El Paso, State of Colorado.

    e. 2750 Silent Rain Drive, Colorado Springs, Colorado, more fully described as: Lot 1, Oak Valley Ranch Filing No. 4 in the City of Colorado Springs, El Paso County, Colorado.

    f. 2710 Silent Rain Drive, Colorado Springs, Colorado, more fully described as: Lot 5, Oak Valley Ranch Filing No. 4 in the City of Colorado Springs, El Paso County, Colorado.

    g. 7340 Julynn Road, Colorado Springs, Colorado, more fully described as: Lot 32, Oak Valley Ranch Filing No. 4 in the City of Colorado Springs, El Paso County, Colorado.

    h. 7360 Julynn Road, Colorado Springs, Colorado, more fully described as: Lot 34, Oak Valley Ranch Filing No. 4 in the City of Colorado Springs, El Paso County, Colorado.

    i. 7380 Julynn Road, Colorado Springs, Colorado, more fully described as: Lot 36, Oak Valley Ranch Filing No. 4 in the City of Colorado Springs, El Paso County, Colorado.

    j. 4485 Monitor Rock Lane, Colorado Springs, Colorado, more fully described as: Lot 18, in Cedar Heights Filing No. 3, in the City of Colorado Springs, El Paso County, Colorado, according to the plat thereof recorded in Plat Book 0-3 at Page 81.

    k. 2023 North Wahsatch Avenue, Colorado Springs, Colorado, more fully

described as: Lot 2, Block 1, Howells Addition 1, Colorado Springs, Colorado.

l.  5 West Cypress Terrace, Key West, Florida, more fully described as: Lot Three (3), Block Four (4), Key Haven - Second Addition, a subdivision and Part of Government Lot 1, Section 26, Township 67 S., Range 25 E., and adjacent submerged lands, Raccoon Key; Monroe County, Florida Public Records.

m.  45 Cypress Avenue, Key West, Florida, more fully described as: Lot 17 and 18, Block 3 Key Haven Eighth Addition, revealed in Plat Book 5, page 61, of the Public Records of Monroe County, Florida.

n.  907 Park Street, Dysart, Iowa, more fully described as: Lot Six (6), Westview Estates Addition to Dysart, Tama County, Iowa.

o.  110A Egret Landing, Surf City, North Carolina, more fully describes as: Being all of Lot 110A Egret Landing, as shown upon map recorded in Map Book 39 at Page 91 of the Pender County Registry, reference to which is hereby made for a more particular description, County of Pender, State of North Carolina.

p.  4217 South New Hope Road, Gastonia, North Carolina, more fully described as:  Beginning at a nail in the centerline of South New Hope Road (Highway No. 279) (60' right of way) at the point of Intersection of the southeasterly line of the property conveyed to Barbara L. Murphy in Book 4051 at Page 1326 with said centerline, and proceeding thence with Murphy's line two (2) courses and distances as follows: (i) North 38-57-01 East 49.63 feet to an iron, and (ii) North 39-00-40 East 141.36 feet to an iron, a common corner with the property of Nettie Pope (see Book 776, Page 216); thence with Pope's line South 55-31-38 (passing an iron at the northerlymost corner of a 15' easement referred to in Book 2801 at Page 826 after 157.35 feet) a total distance of 172.38 feet to an iron in the northwesterly line of the property conveyed to Susan M. Smith in Book 1478 at Page 828 (also being the easterlymost corner of the aforesaid 15' easement); thence with Smith's line (and the southeasterly line of the aforesaid 15' easement) South 37-59-00 West 182.14 feet to an iron near the northeasterly margin of the right of way of South New Hope Road (60' right of way) (also being the southerlymost corner of said 15' easement); thence North 59-44-00 West (passing an iron at the westerlymost corner of said 15' easement after 15.12 feet) a total distance of 51.15 feet to a nail within the right of way of South New Hope Road; thence South 38-26-00 West 20.35 feet to a nail in the centerline of South New Hope Road; and thence with the centerline of South New Hope Road North 48-24-42 West 124.83 feet to the BEGINNING; all as shown on that certain survey for College Pharmacy, dated April 20, 2005, and prepared by Forest H. Houser, Professional Land Surveyor.

Being also the same property conveyed to Joseph J. Haburjak, Trustee of the Joseph J. Huburjak Revocable Trust U/A/D February 27, 1998, by deed recorded in Book 2801 at Page 826; and conveyed to Joseph J. Haburjak, Trustee, to the Grantor by deed recorded prior to this deed.

q.  532 Oakwood Drive, Building C, Castle Rock, Colorado, more fully described as: Condominium Units 101, 102, 103, 104, 105, 106, 107, 108, 201, 202, 203, 204, 205, 206, 207 and 208 Building C, together with the exclusive right to use Parking Spaces CP1 - 61 through CP1 - 68, CP2 - 69 through CP2 - 77, CP3 - 78 through CP3 - 81 and CP4 - 82 through CP4 - 91, The Stonecreek Park "C" Condominiums, according to the Condominium Map, recorded on April 2 , 2001 at Reception #01026609 in the Records of the office of the Clerk and

Recorder of the County of Douglas, Colorado, and as defined and described in the Condominium Declarations for The Stonecreek Park "C" Condominiums, recorded on April 2, 2001 at Reception #01026610 in said records, County of Douglas, State of Colorado.

  r. 1433 Williams #PH6, Denver, Colorado, more fully described as: Condominium Unit PH6, together with the exclusive right to use parking space number(s) 50 & 51, The Towers at Cheesman Park Condominiums, according to the Condominium Map recorded on August 20, 1999 at Reception No. 9900147268 in the records of the office of the Clerk and Recorder of the County of Denver, Colorado, and as defined and described in the Condominium Declaration for The Towers at Cheesman Park Condominiums recorded on August 20, 1999 at Reception No. 9900147267 in said records, City and County of Denver, State of Colorado.

  4. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment *nunc pro tunc* to June 28, 2010.

  5. The United States is directed to seize the property subject to forfeiture and to enter the real property for the purpose of determining the physical condition of the real property at the time of seizure and to obtain an appraisal, and further to make its return as provided by law;

  6. The United States shall provide notice of this Preliminary Order of Forfeiture in accordance with 21 U.S.C. §853(n) via a government website for thirty consecutive days, and to make its return to this Court that such action has been completed, and shall give notice of this Prelininary Order of Forfeiture to any third parties known by the Government to have interests in the properties.

  7. Upon adjudication of all third-party interests, if any, the Court will enter a Final Order of Forfeiture pursuant to Title 21 U.S.C. § 333(e)(3), Title 21 U.S.C. § 853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, in which all interests will be addressed. The Court shall retain jurisdiction to enforce this Order and adjudicate the interests of all third-parties in ancillary proceedings.

  Dated this 1st day of July, 2010

                     **BY THE COURT:**

                                    _____
                                    Marcia S. Krieger
                                    United States District Judge